UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION



FILED (SG)
U.S. DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
05 MAY 13 AM 11:20

GARNETT RAY DUNN )
9301 National Turnpike )
Louisville, KY 40118 ) CIVIL ACTION
       PLAINTIFF ) NO. *3:05CV-285-H*
 )
vs. )
 )
BRIAN L. VOLTZ )
5211 Rangeland Road, #5 )
Louisville, KY 40219 )
 )
and )
 )
WAFFLE HOUSE INCORPORATED )
d/b/a WAFFLE HOUSE OF GEORGIA, )
INCORPORATED )
2809 Fern Valley Road )
Louisville, KY )
SERVE: CT CORPORATION SYSTEM )
   Kentucky Home Life Building )
   Louisville, KY 40202 )
 )
and )
 )
LOUISVILLE-JEFFERSON COUNTY )
METRO GOVERNMENT )
SERVE: Mayor Jerry Abramson )
   527 West Jefferson Street )
   Louisville, KY 40202 )
 )
and )
 )
OFFICER CURTIS LIPSEY )
CODE #2757 )
LOUISVILLE METRO POLICE DEPARTMENT )
225 S. 5th Street )
Louisville, KY 40202 )
 )
and )

| | |
|---|---|
| OFFICER MALCOLM MILLER | ) |
| CODE #2026 | ) |
| LOUISVILLE METRO POLICE DEPARTMENT | ) |
| 225 S. 5th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| and | ) |
| | ) |
| LOUISVILLE POLICE DEPARTMENT | ) |
| 225 S. 5th Street | ) |
| Louisville, KY 40202 | ) |
| SERVE: Chief of Police, Robert White | ) |
| | ) |
| DEFENDANTS | ) |
| | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action arises under 42U.S.C. Section 1983, and State Tort Law against a private individual, a Kentucky Corporation, a local governmental agency and two police officers employed by said municipal government and local agency arising out of on assault by the private individual BRIAN VOLTZ against the Plaintiff. Mr. Dunn, the Plaintiff, alleges that before, during and after the assault by BRIAN VOLTZ against the Plaintiff, employees of the Defendant, WAFFLE HOUSE, failed to provide reasonably safe environment for patrons and business invitees, failed to render aid, and failed to provide security or summon aid or security prior to or during the time of the assault. Mr. Dunn states that the two police officers named as Defendants were present before, during and after the assault, had ample opportunity to prevent the assault, took no effort to prevent the assault, and took no steps to prevent the extent of the injuries sustained by the Plaintiff during the course of this assault. The municipal government and local agency,

failed to provide reasonable training, supervision and have taken no steps whatsoever, to sanction, or ameliorate the conduct of the officers in question in failing to render aid and/or prevent the injury sustained by the Plaintiff. Mr. Dunn claims that the police officers acted negligently, recklessly, or wantonly, while in the scope of their employment, or, in the alternative, that by their concous inaction, they acted intentionally, violating his rights under the United States Constitution and relevant Kentucky Tort Law. Mr. Dunn states that the failure of the Louisville-Jefferson County Metro Government and the Louisville Police Department, to train, hire, supervise and make any effort to correct the conduct of these officers was negligent. All of the above acts of negligence by the various parties led directly to the injuries sustained by Mr. Dunn.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, which provides for original district court jurisdiction over cases presenting federal questions, or involving the interpretation of federal statutes.

3. Jurisdiction over the private defendants and State Law claims, is conferred upon by this Court by 28 U.S.C. Section 1367, which provides jurisdiction over state law claims so related to the federal law, claims that they form case or controversy for Article III purposes.

4. Venue in this district is proper pursuant to 28 U.S.C. Section 1391.

## III. PARTIES

5. The Plaintiff, GARNETT RAY DUNN, is and has been at all times relevant hereto, a resident of Jefferson County, Kentucky.

6. The Defendant, BRIAN VOLTZ, has been at all relevant times hereto, a resident of Jefferson County, Kentucky.

7. The Defendant, WAFFLE HOUSE #174, WAFFLE HOUSE INCORPORATED, d/b/a WAFFLE HOUSE OF GEORGIA INCORPORATED of 2809 Fern Valley Road, Louisville, Kentucky, is a Kentucky Corporation licensed to do business in the Commonwealth of Kentucky and authorized to sue and be sued in this Commonwealth.

8. The Defendant, OFFICER MALCOM MILLER, CODE #2026, is subject to suit in his individual capacity as a police officer employed by the Louisville Police Department, Louisville, Jefferson County, Kentucky.

9. The Defendant, OFFICER CURTIS LIPSEY, CODE #2757, is subject to suit in his individual capacity as a police officer employed by the Louisville Police Department, Louisville, Jefferson County, Kentucky.

10. The Defendant, LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, is a legal entity, organized under Kentucky Law and subject to sue and be sued within the Commonwealth of Kentucky.

11. The Defendant, LOUISVILLE POLICE DEPARTMENT, is an agency of the above LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, subject to sue and be sued in this Commonwealth, as well.

IV. FACTUAL ALLEGATIONS

12. At all times relevant hereto, the actions complained of occurred in Jefferson County, Kentucky by all Defendants, against the Plaintiff. On May 16, 2004, on the

premises of the Defendant, WAFFLE HOUSE #174 at 2809 Fern Valley Road, Louisville, Jefferson County, Kentucky, the Plaintiff, GARNETT RAY DUNN, was assaulted by Defendant, BRIAN VOLTZ, and viciously beaten, suffering numerous facial fractures, internal hemorrhaging and numerous other injuries, almost resulting in the death of the Plaintiff.

13. Defendants, OFFICER MALCOLM MILLER and OFFICER CURTIS LIPSEY, were in the Defendant WAFFLE HOUSE RESTAURANT, at the time of all of the above events and failed to act to prevent the injuries sustained by the Plaintiff. The Defendant, WAFFLE HOUSE, by and through it's employees and authorized agents, was aware that an altercation was in process prior to the injuries sustained by the Plaintiff, GARNETT RAY DUNN, and did not take adequate steps to secure the facility, or prevent the injuries sustained by the Plaintiff. The Louisville Police Officers aforenamed, were likewise present before, during and after the altercation and took no steps to prevent the injuries sustained by the Plaintiff.

14. The Defendant, BRIAN VOLTZ, is a 6'4", 300 lb. white male, 25 years of age at the time of this incident, involved in the above altercation with the Plaintiff, GARNETT RAY DUNN, who was at the time of the above incident, 5'10" 135 lb. white male, 64 years of age.

15. Failure of these police officers to stop this altercation, whether on duty or off, and failure to prevent the physical assault by the Defendant VOLTZ against the Plaintiff DUNN, are direct and proximate causes of the injuries complained of and sustained by the Plaintiff.

16. The failure of Defendant, WAFFLE HOUSE INCORPORATED, to act

through it's agents to stop, prevent, or render aid, or seek assistance to prevent the injuries of the Plaintiff are the direct and proximate cause of the injuries sustained by the Plaintiff.

17. The Defendant, CITY OF LOUISVILLE, failed to adequately supervise and/or train the above officers in order to intervene and prevent the injuries sustained by the Plaintiff. The Defendant, CITY OF LOUISVILLE, has shown by it's actions, that it has no policy or implemented plan to train these officers in preventing the occurence or recurrence of this conduct. The failure of the CITY OF LOUISVILLE and the LOUISVILLE POLICE DEPARTMENT, to adequately supervise, train or direct these officers was a direct and proximate cause of the Plaintiffs injuries.

## V. CAUSES OF ACTION

### COUNT I: ASSAULT

18. Defendant, BRIAN VOLTZ, did without lawful right or cause, strike, injure, assault and permanently impair the Plaintiff, GARNETT RAY DUNN.

19. The actions of the Defendant, BRIAN VOLTZ, resulted in permanent scarring and disfigurement, life threatening injuries and pain and suffering suffered by the Plaintiff, GARNETT RAY DUNN.

### COUNT II: NEGLIGENCE AND VICARIOUS LIABLITY

20. The Defendant, WAFFLE HOUSE #174, WAFFLE HOUSE INCORPORATED, d/b/a WAFFLE HOUSE OF GEORGIA INCORPORATED, was negligent in failing to maintain a reasonably safe commercial environment for it's guests and business invitees. Such failure of Defendant, WAFFLE HOUSE INCORPORATED,

to provide a reasonably anticipated safe environment, and failure to act in a seasonable manner, subject the Defendant, WAFFLE HOUSE INCORPORATED, to liability for the injuries sustained by the Plaintiff on the premises of the Defendant, WAFFLE HOUSE INCORPORATED.

## COUNT III: NEGLIGENCE AND VICARIOUS LIABLITY

21. The above mentioned acts and omissions committed by OFFICERS MALCOLM MILLER and CURTIS LIPSEY, were negligent, reckless or wanton, and occurred within the scope of their employment as Louisville Police Department employees.

22. The acts or omissions described above were a substantial factor in bringing about the injuries sustained by the Plaintiff, GARNETT RAY DUNN. The LOUISVILLE METRO GOVERNMENT is liable for, vicariously, the actions for it's employees, MALCOLM MILLER and CURTIS LIPSEY, and their negligent, reckless or wanton conduct.

## COUNT IV: NEGLIGENT SUPERVISION

23. LOUISVILLE METRO GOVERNMENT was negligent in failing to provide adequate training, proper handling techniques and control of OFFICERS MALCOLM MILLER and CURTIS LIPSEY, although off duty, in responding to the above altercation and the circumstances that gave rise to it.

24. LOUISVILLE METRO GOVERNMENT and the LOUISVILLE POLICE DEPARTMENT, failed to provide training and/or support services to prevent the above inaction by these off duty police officers.

25. LOUISVILLE METRO GOVERNMENT and the LOUISVILLE POLICE

DEPARTMENT are therefore liable for the deprivation of the constitutional rights of the Plaintiff, GARNETT RAY DUNN, provided under the 8th and 14th amendments to the United States Constitution and relevant State law.

## COUNT V: PUNITIVE DAMAGES

26. The violent assault by Defendant, BRIAN VOLTZ, the failure to provide security and render aide by Defendant, WAFFLE HOUSE INCORPORATED, the failure to act and/or prevent the assault by the Defendants, OFFICER MALCOLM MILLER and OFFICER CURTIS LIPSEY, and the failure of the LOUISVILLE-METRO GOVERNMENT and the LOUISVILLE POLICE DEPARTMENT, to adequately supervise the above individuals to prevent the assault complained of, was so willful, wanton, malicious and in utter disregard of the safety of the Plaintiff, GARNETT RAY DUNN, as to justify the awarding of punitive damages for the injuries and damages sustained by the Plaintiff.

## COUNT VI: REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests as follows:

27. Trial by jury of all issues so triable;

28. An award of compensatory damages against Defendant, BRIAN VOLTZ, in amounts to be proven at trial;

29. An amount of compensatory damages against Defendant, WAFFLE HOUSE INCORPORATED, in amounts to be proven at trial;

30. An amount of compensatory damages against Defendant, LOUISVILLE-METRO GOVERNMENT, in amounts to be proven at trial;

31. An amount of compensatory damages against Defendant, LOUISVILLE POLICE DEPARTMENT, in amounts to be proven at trial;

32. An amount of compensatory damages against Defendant, OFFICER MALCOLM MILLER, in amounts to be proven at trial;

33. An amount of compensatory damages against Defendant, OFFICER CURTIS LIPSEY, in amounts to be proven at trial;

34. In addition to all above compensatory damages, an award of punitive damages against all of the above named Defendants in amounts to be proven at trial;

35. Recovery of all costs, including a reasonable attorney fees, under 42 U.S.C. Section 1983; and

36. All other Order and relief to which the Plaintiff may appear entitled.

_____
THOMAS V. HAILE
Attorney for Plaintiff
4511 Dixie Highway
Louisville, KY  40216
(502)448-3388